## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| STARCHA PARKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-1725-L |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | | |

### MEMORANDUM OPINION AND ORDER

This is a social security case. Plaintiff Starcha Parker ("Plaintiff" or "Parker") seeks judicial review of a final decision of Defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration ("Defendant" or "Commissioner") denying Plaintiff's claim for child's insurance benefits. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Judge Wm. F. Sanderson, Jr. for review and submission of proposed findings of fact and recommendation for disposition. On September 27, 2004, Plaintiff filed her Motion to Remand for New and Material Evidence. On April 14, 2005, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") regarding Plaintiff's motion were filed. Parker filed Plaintiff's Objections to Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Objections") on May 27, 2005.

After an independent review of the motion, response, reply, file, record, applicable law, the magistrate judge's findings and conclusions, and consideration of Plaintiff's Objections, the court determines that the findings and conclusions of the magistrate judge are correct, and hereby **accepts**

them as those of the court.   Accordingly, the court **overrules** Plaintiff's Objections, and **denies** Plaintiff's Motion to Remand for New and Material Evidence.

## I.    <u>Factual and Procedural Background</u>

On March 30, 1999, Plaintiff's mother, Mary Wilson, filed an application under Title II of the Social Security Act for child's benefits on the earnings record of Plaintiff's alleged biological father, Anthony Ray Parker, Sr.  Anthony Parker died on June 24, 1999.  Administrative Law Judge ("ALJ") Paul Kendall issued an unfavorable decision in Plaintiff's case on March 26, 2002.  The ALJ determined that the record did not establish clear and convincing evidence of a "parent-child relationship between Anthony Parker and the claimant Starcha Parker upon which the child qualifies for child's insurance benefits."  Transcript at 17.  The Appeals Council denied Plaintiff's request for review on June 2, 2003, and the ALJ's decision became the Commissioner's final decision for purposes of judicial review.

Plaintiff filed this action on July 31, 2003.  Prior to any ruling by the court, Plaintiff filed a motion to remand the case to the Commissioner, pursuant to the sixth sentence of 42 U.S.C. § 405(g), to review additional evidence not previously considered.  Plaintiff contends that she has evidence of genetic testing to prove that she is Anthony Parker's child.  The genetic testing was performed by comparing DNA samples from Anthony Parker's sister (Mary Frances Parker Smith), mother (Leola Henderson Parker) and Plaintiff.  Plaintiff maintains that this evidence is new and material and should be considered by the Commissioner.  She further contends that the test report was not rendered until September 17, 2003, 18 months after the ALJ's decision, and three months after the Appeals Council's notice denying Plaintiff's request for review.  On October 8, 2004, Defendant filed her response opposing Plaintiff's motion, contending that the new evidence did not

warrant remand, as Plaintiff had failed to show that the new evidence was material and that there was good cause for Plaintiff's failure to provide the evidence at the original proceeding.

In his Report, the magistrate judge determined that Plaintiff failed to carry her burden to show good cause for her failure to submit the evidence in the prior proceeding. He further determined that the record before the court did not support Plaintiff's assertion that Anthony Parker's mother was formerly unwilling to submit to DNA testing. He also concluded that "there is no indication that a specimen from [Anthony Parker's] sister could not have been obtained prior to the action of the Appeals Council." Report at 3. Accepting Plaintiff's claim that the DNA testing cost $1400, the magistrate judge determined that Plaintiff failed to show that a loan could not have been obtained to pay for the DNA testing prior to the Appeal's Council decision in order to have provided it with additional evidence; or that the testing could not have been performed in Dallas at a lesser expense than that charged by the company in Ohio. The magistrate judge recommends, therefore, that the court deny Plaintiff's Motion to Remand for New and Material Evidence, and that the action be referred back to the magistrate judge for a recommendation on the merits of Plaintiff's child's insurance benefits claim.

In her Objections, Parker contends the following:

A.    The legal requirement to establish "good cause" is intended only to deter claimants from acting in bad faith, not to erect an impediment to presenting factual evidence essential to a fair hearing.

B.    Ms. Parker's financial inability to pay for expensive DNA testing until August 2003 establishes "good cause" for her failure to present DNA test results in the administrative proceedings.

C.    Two direct biological relations of the decedent were needed to perform the DNA testing; therefore, the decedent's mother's refusal to submit to DNA testing until August 2003

establishes "good cause" for Ms. Parker's inability to present
DNA test results in the administrative proceedings.

Objections at 2.

## II.    <u>Analysis</u>

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides in part that federal

district courts may remand to the Commissioner of Social Security actions by applicants for social

security benefits challenging the administrative denial of their claim, upon a showing that there is

new and material evidence, and there is good cause for failing to introduce the evidence earlier in

the proceedings.  It is undisputed that Parker's evidence is new.  At issue is whether the new

evidence is material, and whether Parker offers good cause for her failure to present the evidence

in the earlier proceeding.  The magistrate judge did not address whether the evidence was material,

as he concluded that Parker did not show good cause for her failure to submit the evidence in the

prior proceeding.  As the court agrees with the magistrate judge regarding good cause, it need not

address the issue of materiality.

Regarding good cause, the magistrate judge determined that Plaintiff failed to carry her

burden as to this element.  Plaintiff objects to this finding, contending that her financial inability to

pay for the genetic testing and Leola Parker's refusal to submit to the testing until August 2003,

establish good cause.  The magistrate judge determined that the record does not support Plaintiff's

assertion that Leola Parker was initially unwilling to submit a specimen for DNA testing.  The court

agrees that there is nothing in the record, other than Plaintiff's argument, that supports Plaintiff's

contention that Leola Parker was unwilling to submit a specimen for DNA testing.  The portions of

the record relied on by Plaintiff and reviewed by the magistrate (*see* Transcript 112-14; 142; 155-56)

demonstrate Leola Parker's willingness to verify and attest that Plaintiff is Anthony Parker's child,

**Memorandum Opinion and Order- Page 4**

nothing in this portion of the transcript addresses Leola's Parker's willingness or unwillingness to submit to DNA testing.  The court, therefore, agrees with the magistrate judge as to this contention.

The magistrate judge also determined that Plaintiff's assertion that she was financially unable to pay for the genetic testing until August 2003, was not good cause.  Specifically, he concluded that

> Plaintiff has failed to show that a loan could not have been obtained prior to the Appeal's Council decision in order to have provided it with additional evidence consisting of DNA tests pursuant to her counsel's request for review of the ALJ's decision, nor has she shown that testing could not have been performed in Dallas at a lesser expense to that charged by the Ohio testing company.

Report at 4.  The court also agrees with this finding.

The court understands Plaintiff's argument that she was financially unable to pay for the genetic testing until after the administrative proceeding; however, Plaintiff's argument is not supported by any facts in the record.  There is nothing in the record, other than argument in the motion and the Objections, regarding Plaintiff's financial inability to pay for the genetic testing in the prior administrative proceeding.  Argument cannot be used as a substitute for evidence.  In her Objections, Plaintiff points out that she filed a Motion to Proceed *In Forma Pauperis* in this case on July 31, 2003, which was granted on August 5, 2003.  Such evidence alone, however, is insufficient to support her claim that her limited finances establish good cause for her failure to present the new evidence – genetic test results – at the administrative proceedings.  Plaintiff, therefore, has failed to show good cause for her failure to introduce the genetic evidence in the earlier administrative proceedings.  Accordingly, the court determines that the magistrate judge's finding as to good cause is correct, and Plaintiff's motion to remand should be denied.

**III.**     <u>**Conclusion**</u>

For the reasons stated herein, the court **accepts** the findings and conclusions of the magistrate judge as those of the court; **overrules** Plaintiff's Objections; and **denies** Plaintiff's Motion to Remand for New and Material Evidence.  This case  is hereby **recommitted** to the magistrate judge for review and submission of proposed findings of fact and recommendation for disposition as to the merits of Plaintiff's claim for child's insurance benefits.

**It is so ordered** this 15th day of February, 2006.


Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order- Page 6**