IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STARCHA PARKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-1725-L |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

This is a social security case. Plaintiff Starcha Parker ("Parker" or "Plaintiff") seeks judicial review of a final decision of Defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denying her claims for child's insurance benefits. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Judge Wm. F. Sanderson, Jr. for review and submission of proposed findings of fact and recommendation for disposition. On June 1, 2006, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") were filed. Parker did not file objections to the Report.

After an independent review of the pleadings, file, record, applicable law, and the magistrate judge's findings and conclusions, the court determines that the findings and conclusions of the magistrate judge are correct, and hereby **accepts** them as those of the court. Accordingly, the court **affirms** the decision of the Administrative Law Judge and that of the Commissioner.

**Memorandum Opinion and Order- Page 1**

I.      **Factual and Procedural Background**

On March 30, 1999, Parker's mother, Mary Wilson, filed an application under Title II of the Social Security Act for child's insurance benefits on the earnings record of Parker's alleged biological father, Anthony Ray Parker, Sr. Anthony Parker died on June 24, 1999. Administrative Law Judge ("ALJ") Paul Kendall issued an unfavorable decision in Parker's case on March 26, 2002. The ALJ determined that the record did not establish clear and convincing evidence of a "parent-child relationship between Anthony Parker and the claimant Starcha Parker upon which the child qualifies for child's insurance benefits." Transcript at 17. The Appeals Council denied Parker's request for review on June 2, 2003, and the ALJ's decision became the Commissioner's final decision for purposes of judicial review.

Parker filed this action on July 31, 2003. Prior to any ruling by the court, she filed a motion to remand the case to the Commissioner, pursuant to the sixth sentence of 42 U.S.C. § 405(g), to review additional evidence not previously considered. Parker contended that she had evidence of genetic testing to prove that she is Anthony Parker's child. She maintained that the evidence was new and material and should be considered by the Commissioner. On October 8, 2004, the Commissioner filed her response opposing Parker's motion. She contended that the new evidence did not warrant remand, as Parker failed to show that the new evidence was material and that there was good cause for her failure to provide the evidence at the original proceeding. On April 14, 2005, the magistrate judge recommended that the district court deny Parker's motion to remand, as she failed to carry her burden to show good cause for her failure to submit the evidence in the prior proceeding. On February 15, 2006, the court accepted the findings and conclusions of the magistrate judge, overruled Parker's objections thereto, and denied her motion to remand.

**Memorandum Opinion and Order- Page 2**

## II.   Legal Standards

The court reviews the Commissioner's denial of social security benefits to determine whether the decision is supported by substantial evidence and whether the proper legal standards were used in evaluating the evidence. *See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept to support a conclusion.'" *Id.* (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The substantial evidence standard is less than the well-known preponderance of the evidence standard, but more than a mere scintilla of evidence. *Id.* That a different conclusion might be drawn from the evidence does not necessarily preclude a determination that the agency's decision was supported by substantial evidence. *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

## III.   Analysis

To prevail on her claim for child's insurance benefits, Parker must establish that she is the "legitimate child" of Anthony Parker. *See* 42 U.S.C. § 402(d)(3). She can show she is his "legitimate child" by establishing one of the following: (1) under Texas law, she would be deemed Anthony Parker's heir;[1] (2) Anthony Parker and her mother went through a marriage ceremony "resulting in a purported marriage between them which, but for a legal impediment . . . would have been a valid marriage.";[2] (3) Anthony Parker acknowledged in writing that she was his daughter;[3]

---

[1] 42 U.S.C. § 416(h)(2)(A).

[2] 42 U.S.C. § 416(h)(2)(B).

[3] 42 U.S.C. § 416(h)(3)(C)(i)(I).

**Memorandum Opinion and Order- Page 3**

(4) Anthony Parker was decreed by the court to be her father;[4] (5) Anthony Parker was ordered by the court to contribute to her support because she was his daughter;[5] or (6) Anthony Parker is shown by evidence satisfactory to the Commissioner to be her father, and was living with or contributing to her support at the time he died.[6]

The magistrate judge determined that the evidence Parker submitted at the administrative hearing was insufficient to establish that she is the "legitimate child" of Anthony Parker. He therefore concluded that substantial evidence supports the ALJ's finding that the record did not establish a clear and convincing parent-child relationship between Parker and Anthony Parker. The magistrate judge recommends that the court enter an order affirming the Commissioner's decision, and that Parker's complaint be dismissed with prejudice.

The court has made an independent review of the pleadings, file and record in this case. The court agrees with the magistrate judge that Parker failed to establish that she is the "legitimate child" of Anthony Parker. Accordingly, the ALJ's determination that Parker failed to establish a clear and convincing parent-child relationship between her and Anthony Parker; and the Commissioner's denial of social security benefits, were supported by substantial evidence. The court also determines that the proper legal standards were used in evaluating the evidence.

---

[4] 42 U.S.C. § 416(h)(3)(C)(i)(II).

[5] 42 U.S.C. § 416(h)(3)(C)(i)(III).

[6] 42 U.S.C. § 416(h)(3)(C)(ii).

**Memorandum Opinion and Order- Page 4**

## IV.     Conclusion

For the reasons stated herein, the court **accepts** the findings and conclusions of the magistrate judge as those of the court. Accordingly, the court **affirms** the decision of the ALJ and that of the Commissioner, and **dismisses** this action **with prejudice.**

**It is so ordered** this 31st day of July, 2006.

Sam A. Lindsay
United States District Judge